July 15, 2015

Luis Hernandez Cuevas

Alvaro Hernandez Cuevas

c/o P.O. Box 510

Glassboro, NJ 08028

Office of the Clerk

United States District Court

United States Courthouse

1 John F. Gerry Plaza

Camden, NJ 08101

15-5601 NLH
AMD

RE: Hernandez Cuevas v. Formisano Farms

Dear Office of the Clerk:

Please find an original and two copies of the complaint to file
in this matter and  the civil cover sheet.  Also, please find
enclosed Plaintiffs' applications to proceed in forma pauperis.

_____


_____

LUIS HERNANDEZ CUEVAS AND
ALVARO HERNANDEZ CUEVAS,

        Plaintiffs,

    vs.

FORMISANO FARMS, INC., JOHN
FORMISANO, JR. AND JOHN FORMISANO,

        Defendants.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DOCKET NO.:

CIVIL ACTION

**COMPLAINT AND REQUEST
FOR JURY TRIAL**

### Preliminary Statement

1. This is a civil action for damages and injunctive relief brought by two migrant and seasonal farmworkers against the Defendant agricultural employers. During the 2012 and 2013 agricultural seasons Plaintiffs were employed with the Defendants. Despite working long hours, under difficult conditions, Plaintiffs were denied their most basic labor rights.

2. This action is based on the Defendants' egregious violations of the Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 et. seq. ("AWPA"); the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56 ("NJWHL"); the New Jersey Wage Payment Act (NJWPA), the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1

et seq. ("LAD");  Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq.,
Defendants' breach of their employment contract and good faith and fair dealing with the
Plaintiffs; New Jersey public policy discharge and the intentional torts of battery.

### Parties

3.  Plaintiffs  Luis Hernandez Cuevas and Alvaro Hernandez Cuevas currently reside in
    Cumberland County, New Jersey, with a mailing address care of P.O. Box 510,
    Glassboro, New Jersey 08028.

4.  Defendants employed Plaintiffs as agricultural workers during the period of the events
    that are the subject of this action.

5.  Defendant Formisano Farms, Inc. (Formisano Farms) is a New Jersey corporation, having
    its principal place of business in Buena, New Jersey. The Defendant corporation operates
    at 313 Plymouth Street, Buena, NJ 08310.

6.  Defendant John Formisano, Jr.  ("Formisano, Jr.") is an individual owner and operator of
    Formisano Farms, Inc. residing at 201 Summer Ave, Landisville, NJ 08326. .

7.  Defendant John Formisano  ("Formisano") is an individual owner and operator of
    Formisano Farms, Inc.

### Statement of Facts

8.  At all times relevant to this action, Defendants employed Plaintiffs within the meaning of
    the FLSA.

9.  At all times relevant to this action, Plaintiffs were Defendants' employees within the
    meaning of FLSA.

10. At all times relevant to this action, Defendants employed Plaintiffs within the meaning of
    NJWHL and the NJWPA.

11. At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of NJWHL.

12. At all times relevant to this action, Plaintiffs were "migrant agricultural workers" within the meaning of AWPA.

13. At all times relevant to this action, Defendants were each "agricultural employers" within the meaning of AWPA.

14. At all times relevant to this action, Defendant employed Plaintiffs within the meaning of AWPA.

15. During the course of their employment, Plaintiffs engaged in agricultural employment at the farm of Defendants, consisting of agricultural work .

16. During the course of this employment, Plaintiffs were employed by Defendants, but were ultimately terminated when Defendants attacked and made discriminatory slurs against Plaintiffs, and permitted further such actions against Defendants.

17. Defendants recruited and hired Plaintiffs to work for them at the farm of Defendants.

18. Defendants offered, and Plaintiffs accepted, agricultural employment with Defendants.

19. Defendants failed to provide lawful field sanitation facilities, and failed to provide safe and lawful transportation for workers.

20. At the time they recruited Plaintiffs, Defendants failed to disclose in writing the terms and conditions of the employment as required by AWPA. These disclosures should have been given at the time of Plaintiffs' recruitment.

21. Plaintiffs were at all times ready to comply with terms of the work agreement, and Plaintiffs did in fact comply with the terms of the agreement.

22. Defendants breached their work agreement with Plaintiffs by not complying with the terms and conditions of employment which they contracted the employment of Plaintiffs.

23. Plaintiffs suffered injury as a result of Defendants' breach of the working agreement.

24. During the course of their employment, Plaintiffs worked on crops which were produced for movement in interstate commerce.

25. Defendants paid Plaintiffs less than the minimum wage required by FLSA.

26. Defendants paid Plaintiffs less than the minimum and wage required by NJWHL and the NJWPA, and the FLSA.

27. In connection with their employment, Defendants used or caused to be used certain vehicles for transportation of Plaintiffs, without ensuring that the vehicle use met the minimum safety standards required under the AWPA.

28. All of the actions or omissions alleged in the paragraphs above were undertaken by Defendants either directly or through their agents.

### Causes of Action

#### I. Fair Labor Standards Act

29. Defendants violated Plaintiffs' rights under 29 U.S.C. § 201 et. seq., by failing, willfully and intentionally, to pay Plaintiffs at least the federally-mandated minimum wage.

30. As a consequence of Defendants' violations of Plaintiffs' rights under FLSA, Plaintiffs are entitled to their unpaid minimum wages, plus an additional equal amount in liquidated damages, costs of court, and reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b).

#### II. Migrant and Seasonal Agricultural Worker Protection Act

31. Defendants intentionally violated Plaintiffs' rights under AWPA by, inter alia:

a.  Failing to disclose in writing the terms and conditions of employment at the time Plaintiffs were recruited, in violation of 28 U.S.C. § 1821(a);

b.  Failing to comply with the terms of the working arrangement, in violation of 29 U.S.C. § 1822(c);

c.  Failing to pay Plaintiffs the wages owed to them when due, in violation of 29 U.S.C. § 1822(a);

d.  Discriminating against Plaintiffs for defending their working arrangement and other rights to employment, in violation of 29 U.S.C. § 1855;

e.  Failing to ensure that vehicles used for transportation of Plaintiffs met the minimum safety standards required under 29 U.S.C. § 1841 (b);

f.  For each such violation of AWPA, Plaintiffs are entitled to recover their actual damages or up to $500.00 per violation in statutory damages, as per 29 U.S.C. § 1854.

### III. New Jersey Wage and Hour Law and New Jersey Wage Payment Act

32. Defendants violated Plaintiffs' rights under N.J.S.A. § 34:11-56 by failing to pay Plaintiffs at least the state minimum wage, and failing to pay wages pursuant to N.J.S.A. § 34:11-4.1,et seq..

33. As a consequence of Defendants' violations of Plaintiffs' rights under the New Jersey Wage and Hour Law and Wage Payment Act, Plaintiffs are entitled to their unpaid minimum and fair wages, costs of court, and reasonable attorney's fees, pursuant to N.J.S.A. § 34:11-56a25.

## IV. Breach of Contract

34. Defendants entered into an employment contract with Plaintiffs.

35. Defendants breached the employment contract they entered into with Plaintiffs by failing to comply with the promised terms and conditions of the employment.

36. As a direct consequence of Defendants' breach of the employment contract, Plaintiffs suffered substantial injury.

## V. New Jersey Law Against Discrimination and Title VII of the Civil Rights Act of 1964

37. Defendants treated Plaintiffs, who are of mixed race, Latino and Mexican background, differently than their non mixed race, non-Latino, non-Mexican co-worker, by yelling discriminatory slurs, inflicting and allowing a physical attack and discriminatory slurs and terminating their employment.

38. Defendants physically attacked Plaintiff Luis Hernandez and yelled and allowed discriminatory slurs towards him.

39. Defendants discriminated against Plaintiffs in a job-related action on the basis of their race and national origin.

40. As a direct consequence of Defendants' treatment, Plaintiffs suffered substantial injury.

## VI. Intentional Torts – Battery and Intentional Infliction of Emotional Distress

41. Defendants, through their agent, John Formisano, Jr. physically assaulted Plaintiff Luis Hernandez Cuevas.

42. Defendants, through respondeat superior permitted battery upon Plaintiff Luis Hernandez Cuevas.

43. Defendants intended to commit an an act that was extreme and outrageous to cause severe emotional distress.

44. As a direct consequence of Defendants' intentional tortious action of battery and intentional infliction of emotional distress, Plaintiffs were injured.

**WHEREFORE**, Plaintiffs respectfully prays that this Court enter an order:

a.   Declaring that the Defendants intentionally violated Plaintiffs' rights under the Migrant and Seasonal Agricultural Protection Act;

b.   Declaring that the Defendants violated Plaintiffs' rights under the minimum wage provisions of the Fair Labor Standards Act;

c.   Declaring that the Defendants violated Plaintiffs' rights under the New Jersey Wage and Hour Law and New Jersey Wage Payment Act;

d.   Granting judgment in favor of Plaintiffs and awarding Plaintiffs actual and statutory damages as are appropriate, including liquidated damages under the Fair Labor Standards Act;

e.   Granting actual, compensatory, and punitive damages, and any other appropriate damages and injunctive relief,

f.   Awarding Plaintiffs pre-judgment and post-judgment interest, the costs of this action, and a reasonable attorneys' fee; and

g.   Granting such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands trial of this action by jury.


By: *Luis A. Hernandez*

*Alvaro Hernandez C.*
Pro Se Plaintiffs

LUIS HERNANDEZ CUEVAS AND
ALVARO HERNANDEZ CUEVAS

FARM
c/o P.O. Box 510, Glassboro, New Jersey 08028
856-881-2507

Dated: July 16, 2015


## CERTIFICATION

The undersigned certifies that, to the best of her knowledge, the within matters in controversy are not the subject of any other action pending in this Court or of a pending arbitration proceeding, nor is any action or arbitration proceeding contemplated, nor are other parties required to be joined in this action.


By: *Luis A. Hernandez*
*Alvaro Hernandez C.*

Dated: July 16, 2015