**TESTA HECK SCROCCA & TESTA, P.A**
   By: Justin R. White
      jwhite@testalawyers.com
424 W. Landis Avenue
Vineland, NJ 08360
Phone: (856) 691-2300
Fax: (856) 691-5655

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LUIS HERNANDEZ CUEVAS** and **ALVARO HERNANDEZ CUEVAS**<br><br>    Plaintiffs<br><br>  vs.<br><br>**FORMISANO FARMS, INC.; JOHN FORMISANO, JR.;** and **JOHN FORMISANO**<br><br>    Defendants | Docket No: 1:12-cv-4165 (JEI) (JS)<br><br><br><br><br><br>CIVL ACTION |

**ANSWER TO THE PLAINTIFFS' COMPLAINT & SEPARATE DEFENSES**

 Defendants, Formisano Farms, Inc., John Formisano, Jr., and John Formisano, by way of Answer to the Complaint by the Plaintiffs, do hereby state and say as follows:

**ADDRESSES (L. Civ. R. 10.1)**

| | |
|---|---|
| Formisano Farms, Inc.<br>313 Plymouth Street<br>Buena, NJ 08310 | John Formisano<br>313 Plymouth Street<br>Buena, NJ 08310 |
| John Formisano, Jr.<br>313 Plymouth Street<br>Buena, NJ 08310 | |

## PRELIMINARY STATEMENT

1. Though no response is required, it is specifically denied that "Plaintiffs were denied their most basic labor rights." It is further denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

2. Though no response is required, it is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

## PARTIES

3. Defendants have inadequate information to either admit or deny this paragraph.

4. Defendants have inadequate information to either admit or deny this paragraph.

5. Admitted.

6. Admitted.

7. Admitted.

## STATEMENT OF FACTS

8. This paragraph sets forth a conclusion of law, to which no response is required. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

9. This paragraph sets forth a conclusion of law, to which no response is required. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

10. This paragraph sets forth a conclusion of law, to which no response is required. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

11. This paragraph sets forth a conclusion of law, to which no response is required. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

12. This paragraph sets forth a conclusion of law, to which no response is required. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

13. This paragraph sets forth a conclusion of law, to which no response is required. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

14. This paragraph sets forth a conclusion of law, to which no response is required. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

15. It is admitted that at one point the Plaintiffs worked for Formisano Farms, Inc. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

16. It is admitted only that the Plaintiffs were terminated. The remaining allegations of this paragraph are denied. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

17. It is admitted that at one point the Plaintiffs worked for Formisano Farms, Inc. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

18. It is admitted that at one point the Plaintiffs worked for Formisano Farms, Inc. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. This paragraph sets forth a conclusion of law, to which no response is required. It is denied that any action or inaction on the part of the Defendants violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

25. Denied.

26. Denied.

27. Denied.

28. Denied. It is denied that any action or inaction on the part of the Defendants and/or Defendants' agents violated the law, violated the Plaintiffs' rights and/or caused the Plaintiffs any compensable damages.

## **CAUSES OF ACTION**

I. Fair Labor Standards Act

29. Denied.

30. Denied.

## II.  Migrant and Seasonal Agricultural Worker Protection Act

31. Denied.

## III.  New Jersey Wage and Hour Law and New Jersey Payment Act

32. Denied.

33. Denied.

## IV.  Breach of Contract

34. Denied.

35. Denied.

36. Denied.

## V.  New Jersey Law Against Discrimination and Title VII of the Civil Rights Act

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## VI.  Intentional Torts - Battery and Intentional Infliction of Emotional Distress

41. Denied.

42. Denied.

43. Denied.

44. Denied.

**WHEREFORE**, the Defendants demand the dismissal of the Plaintiffs' Complaint, along with an award of attorneys' fees and costs of suit.

## **SEPARATE DEFENSES**

1. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiffs' Complaint is barred by the applicable statute of limitations.

3. The Court lacks subject matter jurisdiction over this matter.

4. The Plaintiffs' claims are barred by the doctrine of res judicata.

5. The Plaintiffs' claims are barred by the entire controversy doctrine.

6. The Plaintiffs' claims are barred by the doctrine of unclean hands.

7. The Plaintiffs' claims are barred by the doctrine of laches.

8. Plaintiffs have failed to mitigate damages

9. Plaintiff has failed to join a party under Fed. R. Civ. P. 19.

10. Defendants performed each and every duty owed to the Plaintiffs.

11. The Plaintiffs herein are debarred from recovery by reason of the contributory negligence of the plaintiff at the time and place mentioned in the Complaint.

12. The Plaintiffs herein is debarred from recovery in that at the time and place mentioned in the Complaint the Plaintiffs assumed the risk.

13. Negligence, if any, was that of a third-party over whom these Answering Defendants had neither control nor right of control.

14. Plaintiffs have failed to exhaust their administrative remedies.

15. The Plaintiffs' claims are barred by collateral estoppel.

**TESTA HECK SCROCCA & TESTA, P.A.**
Attorney for Defendants,
Formisano Farms, Inc.; John Formisano, Jr. and John Formisano

Dated: November 3, 2015          BY:_____*s/ Justin R. White*_____
                                                    JUSTIN R. WHITE

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I hereby certify that, upon information and belief, the matter in controversy not the subject matter of any other pending and/or recently pending matters.

Dated: November 3, 2015　　　　　　　　BY:　　　　　　*s/ Justin R. White*　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　JUSTIN R. WHITE

## JURY DEMAND

Defendants demand trial by jury.

Dated: November 3, 2015　　　　　　　　BY:　　　　　　*s/ Justin R. White*　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　JUSTIN R. WHITE

## CERTIFICATION OF SERVICE

I hereby certify that this pleading was served upon all parties in a timely fashion in accordance with the Federal Rules of Civil Procedure.

Dated: November 3, 2015　　　　　　　　BY:　　　　　　*s/ Justin R. White*　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　JUSTIN R. WHITE